# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## No. 1:10-cv-22310-JLK

**STEWART TITLE LATIN AMERICA, INC.,**

     **Plaintiff,**

**v.**

**WACHOVIA CAPITAL MARKETS, LLC, n/k/a**
**WELLS FARGO SECURITIES, L.L.C.,**

     **Defendant.**

_____/

## DEFENDANT'S MOTION TO SET ASIDE DEFAULT
## AND FOR LEAVE TO FILE AMENDED COMPLAINT
## AND SUPPORTING MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedure 55(c), Defendant Wachovia Capital Markets. LLC, n/k/a Wells Fargo Securities, L.L.C. ("Wachovia") respectfully moves to set aside the default entered yesterday (that is, on March 9, 2011) and, further, moves for leave to file its answer to Plaintiff's amended complaint.  A copy of the proposed answer to the amended complaint is attached hereto as Exhibit A.  The grounds for this motion are given below in Wachovia's supporting memorandum of law.

## MEMORANDUM OF LAW

## I.     INTRODUCTION

Defendant has not filed a timely answer to Plaintiff's amended complaint.  The reason for that failure, as explained below and in an accompanying declaration, is that the deadline date for answering Plaintiff's amended complaint was not entered on the calendar of Carl S. Burkhalter, the undersigned attorney and primary defense counsel in this matter.  The undersigned attorney depends on an associate and his secretary to docket deadline dates, but the associate in question (Ms. Prim Formby Escalona) left the firm in January 2011, whereas the undersigned's secretary was unaware of the deadline and, thus, failed to make a calendar entry.  Having said that, it is the undersigned's duty to meet court-imposed deadlines.  He accepts complete responsibility for this failure and he is profoundly sorry for the oversight.

Defendant respectfully suggests that the clerk's entry of default should be set aside under Federal Rule of Civil Procedure 55(c).  There are several reasons for this.

As a threshold matter, defaults are disfavored because they prevent disputes from being decided on the merits.

Second, this default was not willful; it was instead totally inadvertent.

Third, Plaintiff has not been prejudiced by Defendant's *three-week* delay in answering an *amended* complaint.  Defendant filed a timely answer to Plaintiff's original complaint, and the amended complaint is almost a verbatim copy of the original complaint:  It contains the *same* factual allegations and the *same* claims as the original complaint, the only difference being that the amended complaint adds a cause of action for breach of contract and renumbers the previously-pleaded claims.  (To this end, Defendant does have – and has already pleaded – a number of meritorious defenses to the amended complaint.)

Fourth, Defendant has actively litigated and defended this action.  In addition to filing a timely answer, Defendant timely filed a corporate disclosure statement; made timely disclosures under Federal Rule of Civil Procedure 26; served offensive discovery; served responses and objections to Plaintiff's discovery; and made a joint motion asking to supplement the deadlines imposed by the Court's August 27, 2010 scheduling order.  Defendant even consented to Plaintiff's motion to file the amended complaint.

Fifth and finally, applicable case law holds that Defendant should not be prejudiced by the inadvertent error of its outside counsel – that is, the undersigned attorney.

## II.    PROCEDURAL AND FACTUAL HISTORY

Plaintiff filed its original complaint on July 13, 2010.  Defendant was served on July 14, 2010.  Just sixteen days later, and before the relevant deadline, Defendant filed its corporate disclosure statement.  Defendant then moved for an extension of time within which to answer the original complaint; said deadline was set for August 26, 2010 and Defendant met it, filing its answer on August 25, 2010.  The undersigned also promptly moved (August 24, 2010) for *pro hac* admission, which was granted on August 25, 2010.

Defendant held a timely Federal Rule of Civil Procedure Rule 26 conference with Plaintiff on September 28, 2010; timely served its Rule 26 initial disclosures on October 12, 2010; served a production request and interrogatories on November 18, 2010; and timely responded to subsequently-served discovery from Plaintiff.  *See generally* Declaration of  Carl S. Burkhalter ("Burkhalter Declaration") (attached hereto as Exhibit B).

Defendant was asked to consent to Plaintiff's filing of the amended complaint and did so. *See id*.  In its January 28, 2011 Unopposed Motion for Leave to File Amended Complaint, Plaintiff stated that "[t]he proposed amended complaint adds a claim for breach of contract and

renumbers the remaining counts accordingly.  In all other material respects, the proposed amended complaint is identical to the initial complaint."  Plaintiff's January 28, 2011 Unopposed Motion for Leave to File Amended Complaint, p. 1.  In fact, the contract claim added in the amended complaint comprises *all of three paragraphs* – and one of those paragraphs is an incorporation-by-reference paragraph.

The amended complaint was filed on February 7, 2011, which meant that Defendant's deadline for responding was February 17, 2011.  Ordinarily, the February 17th deadline would have been docketed on the undersigned's calendar by either or both of two persons:  the associate on the file or Ms. Laura Juarez, the undersigned's secretary.  *See* Burkhalter Declaration. Unfortunately, these redundant systems failed in this instance, something that has never before happened in the undersigned's twenty-year practice of law.  The associate, Ms. Prim Formby Escalona, had left the firm in early January 2011 to become Chief Deputy for the Alabama Solicitor General.  *Id*.  In the undersigned's federal court cases, any e-mail notices he receives are usually "auto-forwarded" to Ms. Juarez, who then makes the relevant deadline notation on the undersigned's calendar.  However, for some unknown reason, the "auto-forwarding" rule did not function in this instance, meaning that Ms. Juarez did not make a deadline entry on the undersigned's calendar.

The undersigned was in a mediation yesterday when he received e-mail notification of the Court's orders regarding default.  *Id*.  He immediately left the mediation, called the Court's chambers and left a message, and began personally drafting the instant filing.  *Id*.

### III.   DISCUSSION

Federal Rule of Civil Procedure 55(c) provides that "[f]or good cause shown the court may set aside an entry of default."  In the Eleventh Circuit, "defaults are seen with disfavor because of the strong policy of determining cases on their merits."  *Florida Physician's Ins. Co., Inc. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993).  *See also Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985) (noting that a default judgment "is a drastic remedy which should be used only in extreme situations.").  The principal factors in determining whether a defendant has met the good cause standard of Rule 55(c) are:  (1) whether the default was the result of culpable or willful conduct; (2) whether the plaintiff would be prejudiced if the default is set aside; and (3) whether the defendant has a meritorious defense.  *See Compania Interamericana v. Compania Dominicana*, 88 F.3rd 948 951 (11th Cir. 1996).  Other relevant factors include whether the entry of default would bring about a harsh or unfair result and whether the defaulting party acted promptly to correct the default.  *See Sony Corp. v. Elm State Electronics, Inc.*, 800 F.2d 317, 320 (2d Cir. 1986); *Compania Interamericana*, 88 F.3d at 951.  If there are any doubts as to whether a default should be set aside, such doubts should be resolved in favor of a trial on the merits.  *See, e.g., Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981).

Each of these considerations cuts in favor of granting relief.  The default here was not willful.  Counsel has aggressively defended this case and otherwise complied with all relevant deadlines, and the default is attributable to the failure of not one but two redundant docketing systems.  There can be no prejudice to Plaintiff given that the deadline has passed by just three weeks.  Defendant not only has a meritorious defense but has *already presented* that defense (in part) through its original answer, which denies the *identical* factual allegations in the amended complaint and raises a number of affirmative defenses.  Defendant could hardly have acted any

quicker to correct the default.  Finally, a default and/or default judgment would visit an unfairly harsh result on Wachovia.

As to the last point, courts agree that entering final relief against a party because of the conduct of its attorneys is inappropriate unless there is "a clear record of delay, willful contempt, or contumacious conduct."  *Blois v. Friday*, 612 F.2d 938, 940 (5th Cir. 1980) (reversing entry of default summary judgment)[1]; *see also Hildebrand v. Honeywell*, 622 F.2d 179, 181 (5th Cir. 1980) ("a party should not be punished for his attorney's mistake absent a clear record of delay or willful contempt").  The record before the Court does not indicate any such pattern of contempt; indeed, it reflects just the opposite.

## IV.    CONCLUSION

For the foregoing reasons, Wachovia respectfully requests that the Court set aside the default entered on March 9, 2011 and grant Wachovia leave to file the attached answer.

## <u>CERTIFICATE OF GOOD FAITH EFFORT TO CONFER</u>

The undersigned counsel called and e-mailed opposing counsel to ask for his consent to the relief requested herein.  In response, opposing counsel indicated that "Plaintiff [Stewart Title Latin America, Inc.] will respond to Wachovia's motion after receipt and review."

---

[1] Pursuant to *Bonner v. Pritchard*, 661 F.2d 1206 (11th Cir. 1981), all decisions of the Fifth Circuit as of September 30, 1981 operate as precedent in the Eleventh Circuit.

Respectfully submitted,


 /s/ Carl S. Burkhalter_____

Carl S. Burkhalter

Counsel for Defendant Wachovia Capital Markets,
LLC n/k/a Wells Fargo Securities, L.L.C.

OF COUNSEL:

A. Inge Selden III, Esq. (admitted pro hac vice)
Carl Burkhalter, Esq.  (admitted pro hac vice)
**MAYNARD COOPER & GALE P.C.**
1901 6th Avenue North, Suite 2400
Birmingham, Alabama 35203
(205) 254-1000
(205) 254-1999 ~ Fax

Barry Davidson, Esq.
James Jay Thornton, Esq.
**HUNTON & WILLIAMS LLP**
1111 Brickell Avenue
Suite 2500
Miami, Florida 33131
(305) 810-2500
(305) 810-2460 ~ Fax

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of March, 2011, I caused a true and correct copy of the foregoing document to be electronically filed with the clerk of the court for the United States District Court for the Southern District of Florida as well as the following parties using the CM/ECF System:

Paul J. Schwiep
pschwiep@coffeyburlington.com
Benjamin Brodsky
bbrodsky@coffeeyburlington.com
Coffey Burlington, P.L.
2699 South Bayshore Drive, Penthouse
Miami, Florida 33133
Tel: (305) 858-2900
Fax: (305) 858-5261

R. Paul Yetter
pyetter@yettercoleman.com
Kimberly L. McMullan
kmcmullan@yettercoleman.com
Yetter Coleman LLP
909 Fannin, Suite 3600
Houston, Texas 77010
Tel: (713) 632-8000
Fax: (713) 632-8002