UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-22310-Civ-King/Bandstra

STEWART TITLE LATIN AMERICA, INC.,

    Plaintiff,
vs.

WACHOVIA CAPITAL MARKETS, LLC, n/k/a
WELLS FARGO SECURITIES, L.L.C.,

    Defendant.
_____/

**PLAINTIFF STLA'S OPPOSITION TO
DEFENDANT'S MOTION TO SET ASIDE DEFAULT**

Plaintiff Stewart Title Latin America, Inc. ("STLA") respectfully opposes the motion by defendant Wachovia Capital Markets ("Wachovia") to excuse its default ("Motion"). Though one Wachovia attorney explains his failure to prepare a response to the Amended Complaint, the Motion is silent as to why the other Wachovia attorneys failed to assure compliance with this Court's Order. Nor has Wachovia offered any evidentiary support for its purported defenses. Showing no good cause to set aside the entry of default, the Motion should be denied.

**Relevant Procedural History**

On July 13, 2010, STLA filed its original Complaint raising claims arising from Wachovia's false and misleading marketing of auction rate securities and its failure to fulfill its commitment to provide STLA with between-auction liquidity. (Dkt. #1)  Defendant answered the allegations in the Complaint on August 25, 2010. (Dkt. #19)

On January 28, 2011, STLA filed its Unopposed Motion for Leave to File Amended Complaint. (Dkt. #26)  The Court granted the motion for leave on February 3, 2011. (Dkt. #27.) The Court ordered STLA to file the proposed Amended Complaint by February 13, 2011 and

directed that "Defendant **SHALL** respond within ten (10) days of service of the Amended Complaint." (*Id.* at 2)  The Amended Complaint was filed and served on February 7, 2011.  (Dkt. #28)  The Court's electronic notification service shows that, in addition to Mr. Burkhalter and Prim Formby Escalona, the Order requiring a timely response to the Amended Complaint and the Amended Complaint itself, were served on other Wachovia counsel -- A. Inge Selden, III; James Jay Thornton; and an individual at Mr. Thornton's firm identified only by email address (mcuadra@hunton.com). (Comp. Ex. A)

Rule 15(a)(3) provides that a response is due to an amended pleading fourteen days after service "unless the court orders otherwise."  Here, the Court ordered a response in ten days.  Under Rule 15(a)(3) and, more importantly, this Court's Order, Wachovia did not timely respond to the Amended Complaint prior to the Order Directing Clerk to Enter Default.  (Dkt. #29)

**Argument and Authorities**

While Mr. Burkhalter's efforts to take responsibility for Wachovia's failure to timely comply with the Court's Order appear sincere, they ignore the fact that two other current Wachovia lawyers were served with the Order and Amended Complaint.  Thus, the Motion sets forth no good cause for their – or Wachovia's – failure to timely respond.  Moreover, the Motion fails to provide evidence in support of its purported defenses to STLA's claims.  Meanwhile, STLA is prejudiced by the delay.  For these reasons, the Motion should be denied.

1. **Legal Standard**

The decision whether to set aside a default is within the discretion of the Court. *Robinson v. United States*, 734 F.2d 735, 739 (11th Cir. 1984).  A defendant bears the burden of establishing "good cause" to set aside an entry of default. *Insituform Tech., Inc. v. AMerik Supplies, Inc.*, 588 F. Supp. 2d 1349, 1352 (N.D. Ga. 2008).  While the heightened standard of

Rule 60(b) is not applicable, "something more than a mere request or a flimsy excuse is required for good cause to be found." *Matthew v. Hi-Tech Elec. Displays, Inc.*, 2005 WL 5950966, at *3 (M.D. Fla. 2005). And though decisions on the merits are favored, setting aside a default for the sole reason that the case should be decided on the merits is improper. *African Methodist Episcopal Church, Inc. v. Ward*, 185 F.3d 1201, 1203 (11th Cir. 1999).

### 2. **Wachovia fails to adequately explain its failure to comply with the Order.**

Wachovia has not met the standard for good cause under Rule 55(c) because it has not explained the failure of its counsel to respond timely to the Order and Amended Complaint.

Mr. Burkhalter's explanation as to his own failure – that an auto-forwarding system did not deliver the Amended Complaint to his secretary even though he received it himself – does not satisfy Wachovia's burden of demonstrating good cause. *See Ins. Co. of N. Am. v. Morrison*, 154 F.R.D. 278, 280 (M.D. Fla. 1994) (finding that forwarding complaint to improper office and failure to properly forward was neither good cause nor excusable neglect).

Moreover, the Motion is silent at to the other Wachovia attorneys who received electronic notification of the Amended Complaint and Order requiring a response within ten days. (Comp. Ex. A) There is no reason offered – let alone proof rising to the level of good cause – for Wachovia counsel's failure to respond to the Court's Order and the Amended Complaint.

Accordingly, because the Motion provides insufficient basis to find good cause as to Wachovia's failure to respond to the Amended Complaint, Wachovia has not met its burden to set aside the entry of default.

### 3. **Wachovia provides no evidence of purported meritorious defenses.**

The Motion's claim that Wachovia has meritorious defenses and that it has presented those defenses through its original answer is not sufficient to vacate the default.

3

An unsubstantiated denial of claims, without supporting evidence, "does not establish a *meritorious* defense because Defendant fails to offer even a shred of evidence in support." *SEC v. GetAnswers, Inc.*, 219 F.R.D. 698, 702 (S.D. Fla. 2004) (denying motion to vacate default where defendant offered no proof of purported meritorious defenses). "While a mere denial may suffice in an answer, the defendant must go beyond a mere denial and present more evidence at this stage of the proceeding to justify setting aside the default." *Matter of Rogers*, 160 B.R. 249, 254 (Bankr. N.D. Ga. 1993) (finding defendant failed to show good cause to set aside entry of default).

As with its failure to explain its counsel's failure to respond to the Amended Complaint, Wachovia fails to meet its burden to prove a meritorious defense. The Motion should be denied.

### 4. STLA is prejudiced.

STLA is prejudiced in so far as the parties are operating under the Court's Scheduling Order which requires, among other things, that all discovery be completed by June 1, 2011 and all motions filed by June 6, 2011. (*See* Dkt. #23) It will not be possible to comply with these deadlines given the delay occasioned by Defendant's failure to comply with this Court's Order. Indeed, where a defendant fails to present meritorious defenses, as here, the delay in vindicating the plaintiff's rights amounts to undue prejudice. *See Matter of Rogers*, 160 B.R. at 255 (citing *Turner Broadcasting Sys., Inc. v. Sanyo Elec., Inc.*, 33 B.R. 996, 1001 (Bankr. N.D. Ga. 1983)). The expense a plaintiff incurs "in prosecuting a suit in which the defendant has defaulted and presented no meritorious defense, unduly prejudices the plaintiff." *Turner*, 33 B.R. at 1003.

For these reasons, STLA will be prejudiced by Wachovia's failure to timely answer the Amended Complaint, and its Motion to vacate should be denied.

**Conclusion**

As Wachovia fails to meet its burden of establishing good cause pursuant to Rule 55(c) to set aside the entry of default, STLA respectfully submits that the Motion should be denied.

Respectfully submitted,


By: s/Paul J. Schwiep
 Paul J. Schwiep, Florida Bar No. 823244
 pschwiep@coffeyburlington.com
 Coffey Burlington, P.L.
 *Counsel for Stewart Title Latin America, Inc.*
 2699 South Bayshore Drive, Penthouse
 Miami, Florida 33133
 Tel: 305-858-2900
 Fax: 305-858-5261

**CERTIFICATE OF SERVICE**

I hereby certify that on March 16, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the Mailing Information for Case 1:10-cv-22310-JLK.  Counsel of record currently identified on the Mailing Information list to receive e-mail notices for this case are served via Notices of Electronic Filing generated by CM/ECF.  Counsel of record who are not on the Mailing Information list to receive e-mail notices for this case have been served via U.S. Mail.

s/Paul J. Schwiep