UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 1:10-cv-22310-JLK

STEWART TITLE LATIN AMERICA, INC.,

 Plaintiff,

v.

WACHOVIA CAPITAL MARKETS, LLC, n/k/a
WELLS FARGO SECURITIES, L.L.C.,

 Defendant.

_____/

### DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO SET ASIDE DEFAULT AND FOR LEAVE TO FILE AMENDED COMPLAINT

"Rule 55(c) motions are frequently granted[.]" Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2696 at pp. 143-44 ("Wright & Miller"). For the reasons that follow, the instant Rule 55 motion should be granted as well.

### Argument

**1. Plaintiff admits the essential facts and law underlying the Motion, and the cases Plaintiff cites to support a default judgment are easily distinguishable: All of them involve (1) a failure to appear (not a failure to answer an amended pleading) and (2) egregious misconduct.**

In its Opposition to Defendant's Motion to Set Aside Default ("Opposition"), Plaintiff admits that "decisions on the merits are favored." Opposition, p. 3. It admits that the "good cause" standard under Rule 55 is not very high. *Id*. at p. 3 ("'[S]omething more than a mere request or a flimsy excuse is required[.]'") (quoting *Matthew v. Hi-Tech Elec. Displays, Inc*., 2005 WL 5950966 at *3 (M.D. Fla. 2005)).

Further, Plaintiff's Opposition does not dispute, whether by evidence[1] or by argument, these key points: (1) the undersigned has not one but two systems for ensuring that deadlines are

---

[1] Plaintiff did not submit a declaration. Thus, the statements in Defendant's original declaration, and the declaration attached to this reply, are uncontested.

docketed; (2) in this instance, and for the first time in twenty years of practice, both systems failed simultaneously, one because an associate had left the firm and the other due to a computer glitch; (3) Defendant filed a timely answer to the initial complaint and has otherwise aggressively defended this action; (4) the amended complaint is virtually identical to the original complaint; and (5) Defendant's counsel called the Court within an hour of learning of the default, called again the following morning, and filed the Motion the very next day.[2]

Given these admissions and concessions, the Opposition is an attempt to make bricks without straw, as is reflected by the cases Plaintiff cites to "support" its position.[3] All of Plaintiff's cited cases involve a defendant who failed to answer at all, not a defendant who failed to answer an *amended* complaint. This is a hugely important distinction. When courts are faced with a delay in answering an *amended* pleading, they almost universally grant relief from default.

What follows is just a sample of these decisions:

- *United States v. Varmado*, 2009 WL 1845583 (11th Cir. June 29, 2009): In *Varmado*, the Eleventh Circuit reversed a district court that had defaulted a defendant for failing to answer an amended complaint. The court did so notwithstanding evidence that the defendant had tried to avoid service and had given "evasive" testimony – two clear indicia of disrespect for the judicial process. "'The entry of judgment by default is a drastic remedy and should be resorted to only in extreme situations. It is only appropriate where there has been a clear record of delay or contumacious conduct.'" *Id*. at *4 (emphasis added) (quoting *E.F. Hutton & Co. v. Moffat*, 460 F.2d 284, 285) (citations omitted).

---

[2] Plaintiff filed its opposition Wednesday, March 16, 2011. Although this reply is timely under the Court's local rules, the undersigned would have filed it sooner had he not planned a vacation with his children that began Thursday, March 17th. (Last week was "Spring Break" in Alabama.)

[3] The eight cases cited in the Opposition are: *Robinson v. United States*, 734 F.2d 735 (11th Cir. 1984); *Insituform Tech., Inc v. AMerik Supplies, Inc.,* 588 F. Supp. 2d 1349 (N.D. Ga. 2008); *Matthew v. High-Tech Elec. Displays, Inc.,* 2005 WL 5950966 (M.D. Fla. 2005); *African Methodist Episcopal Church, Inc. v. Ward,* 185 F.3d 1201 (11th Cir. 1999); *Ins. Co. of N. Am. v. Morrison,* 154 F.R.D. 278 (M.D. Fla. 1994); *SEC v. GetAnswers, Inc.*, 219 F.R.D. 698 (S.D. Fla. 2004); *Matter of Rogers,* 160 B.R. 249 (Bankr. N.D. Ga. 1993); and *Turner Broadcasting Sys., Inc. v. Sanyo Elec., Inc.,* 33 B.R. 996 (Bankr. N.D. Ga. 1983).

- *O'Bryant v. Langford*, 2007 WL 2688523 (N.D. Fla. 2007):  The court refused to enter default judgment against defendants who had timely answered the original complaint but not an amended complaint:  "Counsel states she neglected to calendar a tickler for August 6 to file the answer and became involved in two other class action lawsuits, which involved completing extensive discovery requests and traveling to another part of the state.  The court concludes that Defendants' failure to timely file their answer was the result of excusable neglect . . . .  This determination renders a default judgment against Defendants improper[.]"

- *Maritas v. Carpet Lineoleum Services, Inc*., 490 F. Supp. 369 (S.D.N.Y. 1980):  The *Maritas* court vacated a default judgment under Rule 60(b), which – as this Court knows – is more demanding than Rule 55.  "In this action, defendants stipulated to the service of an amended complaint, but mistakenly delayed service of an amended answer until they served and filed a motion to dismiss on May 2, 1979, one month late . . . .  It is beyond question that defendants, who had timely responded to the original complaint and submitted [answers] to interrogatories, intended to defend the action.  They raise colorable defenses . . . .  In these circumstances, justice requires relief from the judgment." *Id*. at 371.

- *Washington Nat'l. Ins. Co. v. Hendricks*, 855 F.Supp. 1542 (W.D. Wis. 1994):  The court refused to enter a default judgment for failure to respond to an amended complaint, holding as follows:

    Plaintiff has moved pursuant to Fed.R.Civ.P. 55 for the entry of a default judgment against defendants for their failure to file a timely answer to plaintiff's second amended complaint.  On December 27, 1993, plaintiff filed a second amended complaint in which it realleged all of the claims of its first amended complaint and added claims under ERISA and the federal common law of ERISA as alternative grounds for relief.  Defendants failed to file an answer to this complaint within ten days, as required by Fed.R.Civ.P. 15(a).  Three months later, on March 1, 1994, defendants' counsel realized defendants had not filed an answer and did so on March 4, 1994.  However, defendants failed to move for leave to file an untimely answer until two months later, on May 2, 1994.

    Although there is no merit to defendants' assertion that their failure was a mere "technical violation of the time limitation" rules, the drastic sanction of default

> judgment is not appropriate under the circumstances. Plaintiff has not been prejudiced by defendants' failure to respond to the second amended complaint. The only difference between the second amended complaint and the first amended complaint is the inclusion of alternative causes of action in the event plaintiff's claims were preempted by ERISA. Defendants' denial of the validity of these new claims was completely predictable and could not have caused plaintiff to alter the manner in which it litigated this case. Because defendants have actively pursued this matter in all other respects and plaintiff has not been prejudiced, I will deny plaintiff's motion for default judgment.

- *Wolf Lake Terminals, Inc. v. Mutual Marine Ins. Co.*, 433 F.Supp. 2d 933, 941-42 (N.D. Ind. 2005):  The court rejected a request for a default judgment against a defendant whose response to an amended complaint was ten weeks overdue, holding as follows:  "Aside from the tardiness in filing an answer, Mutual Marine otherwise has defended this case vigorously since its inception. Mutual Marine has attended all status conferences, actively participated in discovery, and fully briefed all pending motions. . . .   Under these circumstances, Mutual Marine's technical failure to file an answer has not prejudiced the plaintiffs or otherwise delayed the litigation of this case. Therefore, the motion for default judgment is denied."

- *Gresham v. Waffle House, Inc*., 586 F.Supp 1442 (N.D. Ga. 1984):  Yet another example of a court refusing to default a defendant for not timely responding to an amended pleading:  "Plaintiff's motion to strike and motion for entry of default and default judgment are DENIED.  It is true that defendant was served with plaintiff's amended complaint on February 27, 1984, but did not file its renewed motion to dismiss until March 12, 1984, outside the 10-day period allowed under [Fed.R.Civ.P. 15(a)](#) for response to an amended pleading.  Such a technical default, however, does not warrant the harsh sanctions sought by plaintiff."[4]

---

[4] *Accord*, *Davken, Inc. v. City of Daytona Beach*, 2007 WL 1839281 (M.D. Fla. 2007) (refusing to enter default judgment against defendant who had failed to file timely response to amended complaint; "it is clear Defendant has defended against Plaintiff's claims, and default is inappropriate."); *Colony Ins. Co. v. Wallace*, 2010 WL 4974555 (S.D. Fla. 2010) (refusing to enter default judgment against defendant for failure to answer amended complaint where the failure "was anything but deliberate"); *U.S. v. Kyriakakis*, 2007 WL 2757369 (M.D. Fla. 2007) (allowing defendant to submit untimely answer to amended complaint because defendant's prior conduct evinced an intention to deny the essence of the claims).

There is a second reason why Plaintiff's cases are inapposite to the Motion. Besides not appearing and answering *at all*, the defendants in the cases Plaintiff cites were serial offenders – in effect, the worst of the lot. For instance, the defendant in *Robertson* did not answer for four months after service; then ignored a show cause order; then ignored a *second* show cause order entered after an evidentiary hearing, leading the trial court to cite "myriad instances" of "delay and neglect." *Robertson*, 734 F.2d at 737. The defendant in *Insituform* evaded service and "demonsrat[ed] an intentional . . . disregard for the judicial proceedings." *Insituform*, 588 F.Supp. at 1358. The defendant in *GetAnswers* "never responded to the complaint in any manner" for four months; then, after entry of default, it "again failed to respond in any manner" for two additional months. *See id.* at 701 ("Defendant might simply have put forth a general denial of the claims against him, moved the Court for an extension of time to file an Answer, or even moved the Court for an extension of time to move to vacate the clerk's entry of default. Instead, Defendant chose to do nothing.").

In sum, when a defendant timely answers, actively defends, makes an isolated mistake in not responding timely to an *amended* complaint, and moves promptly to cure that mistake, the *overwhelming* preference under the case law is to decide the case on the merits. The same result should obtain here.

**2.   Even though Rule 55(c) does not require a defendant to have a "good reason" for missing a deadline, numerous courts have held that a docketing error (or similar mistake) is, in fact, a legitimate excuse.**

"'Good cause' is a mutable standard, varying from situation to situation." *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Avacion*, 88 F.3d 948 (11th Cir. 1996). "It is not susceptible to a precise formula[,]" and none of the factors commonly considered under Rule 55(c) is "talismanic." *Id.* Thus, it is not *essential* for Defendant to give a "good reason" why it was 21 days late in submitting an amended answer. To require a showing of "mistake, inadvertence, . . . or excusable neglect" would be to conflate the standard of Rule 60 with the more lenient Rule 55 standard. *See Hinson v. Webster Industries*, 240 F.R.D. 687 (M.D. Ala. 2007) ("Whether the excuse proffered by Defendant is excusable is an issue the court need not decide. As explained herein, it is not a prerequisite that Defendant's actions be excusable in order for Defendant to obtain relief under Rule 55(c)'s 'good cause' standard."); *Perlov v. G.D.*

*Searle & Co.*, 621 F. Supp. 1146, 1147 (D. Md. 1985) (granting relief even though "there is no apparent excuse for defendant's delay" in responding to an initial complaint).

Having said that, Defendant stresses that it has given a true and legitimate explanation for the default. As set out in the Declaration of Carl S. Burkhalter (Exhibit B to the Motion), the February 17, 2011 deadline was not docketed due to the unique confluence of an associate's resignation and a computer problem.

Plaintiff quibbles with this explanation, asserting that it does not explain the failure of two other attorneys to take action: Inge Selden (with Maynard, Cooper & Gale) and Jay Thornton (local counsel with Hunton & Williams). Regarding Mr. Selden, Plaintiff misses the point: Ms. Escalona and Ms. Juarez were responsible for sending a notification of the February 17th deadline (via Microsoft Outlook) to all the Maynard, Cooper & Gale attorneys on the file – that is, to both Mr. Burkhalter *and* Mr. Selden. In other words, Messrs. Burkhalter and Selden were in the same boat; the deadline was on neither attorney's calendar for precisely the same reason.

As for Mr. Thornton, he has submitted his own declaration (attached hereto as Exhibit A) explaining his actions. In it, he states (under penalty of perjury) that the deadline was marked as "completed" by his docketing department. He also notes that, to avoid duplication of effort, his firm has not been involved in many aspects of this case. He adds that Plaintiff's counsel never once mentioned the failure to file an answer to the amended complaint.

"Relief from a default entry has been granted when the default was due to a mistake by counsel as to the applicable procedural rules or . . . a clerical mistake, confusion, or misunderstanding by counsel[.]" Wright & Miller, § 2696 at pp. 143-44. *Accord*, *Hinson*, 240 F.R.D. at 687 (denying request for default judgment where "there was an administrative breakdown in the processes normally employed by Defendant to make certain that service of process of legal documents was not ignored" and "[t]he internal failings which resulted in the complaint lying unattended in a file were multifarious."); *O'Bryant*, *supra*; *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48 (E.D. N.Y. 2008) (denying default where answer was one month late and the failure to timely respond "occurred as a result of an inadvertent mistake by Pall's outside counsel, including three of the attorneys being involved in other litigation, . . . international travel, and the deployment of one attorney's son to Iraq, as well as the unfortunate passing of that same attorney's mother, at or around the time that Pall's response . . . was due.");

- 6 -

*Crawford v. Protocol Recovery Service, Inc.*, 2007 WL 210238 (S.D. Ala. 2007); *Lerner v. Chanel, Inc.*, 1981 WL 380689 (N.D. Ga. 1981).[5]

### 3. Plaintiff has not been prejudiced.

Plaintiff argues that Defendant's three-week delay in answering the amended complaint will prevent discovery from being completed by June 1, 2011. Opposition, p. 4. The very suggestion is absurd. How does a delay in responding to an amended complaint affect discovery? Even if that were possible in the abstract, how could it be true in this instance, where the amended complaint is almost a carbon-copy of the original complaint and the answer was late by only three weeks?

What really puts the lie to Plaintiff's argument is that, on March 8, 2011 – the day before the entry of default – the parties exchanged roughly 6,000 documents. In other words, the default period was marked by discovery activity, not discovery inactivity. Further, in the lead-up to the March 8th document production, the parties (through counsel) communicated frequently by telephone, e-mail, and letters. At no time in these (or any other) communications did Plaintiff broach Defendant's tardiness in answering the amended complaint. Plaintiff's pre-default failure to raise the delay is compelling proof that it has not, in truth, been harmed.[6]

Finally, Plaintiff contends that a delay is inherently prejudicial when the defaulting defendant has no meritorious defenses. Opposition, p. 4. The obvious retort is that Defendant

---

[5] Plaintiff cites *Insurance Co. of N. America v. Morrison*, 154 F.R.D. 278 (M.D. Fla.) for the proposition that the "failure to properly forward [a complaint is] neither good cause nor excusable neglect." Opposition, p. 3. Of course, "excusable neglect" is not the operative standard, as shown *supra*. Also, the defendant itself (not its outside counsel) was at fault in *Insurance Co. of N. Am*, which is an important consideration. *See* Motion, p. 6 (citing former Fifth Circuit precedent holding that a party should not be punished for an attorney's mistake "absent a clear record of delay or willful contempt"). More to the point, the defendant in *Insurance Co. of N. Am*. (1) did not answer or appear at all; (2) did not even read the complaint, which caused it to be mis-routed in the first place; (3) admitted that it lacked "minimum procedural safeguards" to ensure lawsuits were answered timely; and (4) called Plaintiff's counsel the day before the answer was due "to request an explanation of the substance of the case" yet still, inexplicably, failed to answer on time. *Id*. at p. 280. But aside from these six or seven differences, *Insurance Co. of N. Am*. would appear on point.

[6] In this vein, see Wright & Miller, § 2693 at pp. 106-07 ("When a party appears unduly anxious to win by default . . . the court may be generous toward the party moving for relief under Rule 55(c).").

has meritorious defenses. *See infra*. Further, the clear majority rule is to insist on a showing of prejudice separate and apart from the issue of whether a defendant has valid defenses.

### 4. Defendant has met any requirement to show meritorious defenses.

"The demonstration of a meritorious defense is not expressly called for by the federal rules[.]" Wright & Miller, § 2697 at p. 162; *see also Compania Interamericana*, *supra* (Rule 55 imposes no "talismanic" mandates). Regardless, Defendant has made such a showing.

First, Defendant has filed an answer denying Plaintiff's material allegations and stating affirmative defenses, as well as a proposed answer to the amended complaint. This alone is sufficient. *See Black v. Alternative Painting Squared, Inc*., 2008 WL 2370394 (M.D. Fla. 2008) (motion to dismiss "is a sufficient showing" of a meritorious defense); *Fidelity & Deposit Co. of Maryland v. Jernagan*, 1987 WL 49657 (N.D. Fla. July 5, 1987) ("To set aside a default judgment there must be some clear and specific statement of a meritorious defense that is supported by a recitation of facts. To remove a party from default, however, such a degree of specificity is not required. Mere allegation of a meritorious defense can be substantial enough to constitute good cause under Rule 55(c)."); *Holford USA Ltd. v. Harvey*, 169 F.R.D. 41, 45 (S.D. N.Y. 1996) (answer met the "low threshold" of showing a meritorious defense).

Second, Defendant has offered into evidence the declaration attached as Exhibit B to the Motion. It states that Defendant has numerous meritorious defenses to all of Plaintiff's claims and gives several specific reasons why the contract claim fails.

If these showings are not enough to satisfy the Court, Defendant hereby requests an evidentiary hearing to present proof of its defenses.[7]

### Conclusion

A default judgment is the "ultimate sanction." *Quantum Comm. Corp. v. Star Broadcasting, Inc*., 473 F.Supp. 2d 1249 (S.D. Fla. 2007). These facts do not warrant such a harsh result.

---

[7] Defendant is mindful of Local Rule 7.1(b), and therefore is contemporaneously filing a Motion for Leave to request oral argument *nunc pro tunc* regarding its Motion to Set Aside Default and for Leave to File the Amended Complaint.

        Respectfully submitted,


        /s/ Carl S. Burkhalter
        Carl S. Burkhalter
        Counsel for Defendant Wachovia Capital Markets,
        LLC n/k/a Wells Fargo Securities, L.L.C.

OF COUNSEL:

A. Inge Selden III, Esq. (admitted pro hac vice)
Carl Burkhalter, Esq.  (admitted pro hac vice)
**MAYNARD COOPER & GALE P.C.**
1901 6th Avenue North, Suite 2400
Birmingham, Alabama 35203
(205) 254-1000
(205) 254-1999 ~ Fax

Barry Davidson, Esq.
James Jay Thornton, Esq.
**HUNTON & WILLIAMS LLP**
1111 Brickell Avenue
Suite 2500
Miami, Florida 33131
(305) 810-2500
(305) 810-2460 ~ Fax

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 22nd day of March, 2011, I caused a true and correct copy of the foregoing document to be electronically filed with the clerk of the court for the United States District Court for the Southern District of Florida as well as the following parties using the CM/ECF System:

    Paul J. Schwiep
    pschwiep@coffeyburlington.com
    Benjamin Brodsky
    bbrodsky@coffeeyburlington.com
    Coffey Burlington, P.L.
    2699 South Bayshore Drive, Penthouse
    Miami, Florida 33133
    Tel: (305) 858-2900
    Fax: (305) 858-5261

    R. Paul Yetter
    pyetter@yettercoleman.com
    Kimberly L. McMullan
    kmcmullan@yettercoleman.com
    Yetter Coleman LLP
    909 Fannin, Suite 3600
    Houston, Texas 77010
    Tel: (713) 632-8000
    Fax: (713) 632-8002